UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-88-KAC-DCP |
| DELVIN C. FOSTER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Delvin C. Foster's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 19], filed on October 18, 2024.

Defendant requests that the Court continue the plea deadline and trial date of this matter [Doc. 19]. He requests a continuance of sixty days [*Id.* at 2]. In support of his motion, Defendant states that his counsel has not yet been able to completely investigate the matter to advise him how to best resolve the case [*Id.* ¶ 1]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to investigate the facts and circumstances of the matter, advise Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 19, 2024 trial date.

The Court therefore **GRANTS** Defendant Delvin C. Foster's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 19**]. The trial of this case is reset to **March 11, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Delvin C. Foster's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 11, 2025 at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 18, 2024** and the new trial date of **March 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 11, 2025**;

(5) the deadline for filing motions *in limine* is **February 24, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 25, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge